978 F.2d 1254
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
DIAMOND STATE INSURANCE COMPANY, Plaintiff-Appellant,
v.
HOMESTEAD INDUSTRIES, INCORPORATED; Peggy A. Via, As
Administratrix of the Estate of Timothy L. Via,
Defendants-Appellees.
EMPLOYERS REINSURANCE CORPORATION; Gulf Insurance Group;
Essex Insurance Company; National Association of
Independent Insurers, Amici Curiae.
 No. 91-2508.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 4, 1991
Decided: November 5, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-90-490-3-0)
 ARGUED: Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pennsylvania, for Appellant.
 Paul R. Hibbard, Johnson, Smith, Hibbard & Wildman, Spartanburg, South Carolina, for Appellees.
 ON BRIEF: Richard B. Watson, M. Clifton Scott, Nelson, Mullins, Riley & Scarborough, Columbia, South Carolina, for Appellant.
 Charles Joseph Hodge, Spartanburg, South Carolina, for Appellees.
 Spiro Bantis, Gulf Insurance Group, New York, New York; Walter Bilbro, Jr., Walter Bilbro & Associates, P.C., Charleston, South Carolina, for Amicus Curiae Gulf Insurance Group.
 John M. Connelly, General Counsel, Employers Reinsurance Corporation, Overland Park, Kansas; Douglas M. Palais, Thamer E. Temple, III, McSweeney, Burtch & Crump, P.C., Richmond, Virginia, for Amicus Curiae Employers Reinsurance Corp.
 Edward M. Woodward, Jr., Woodward, Leventis, Unger, Daves, Herndon & Cothran, Columbia, South Carolina, for Amicus Curiae National Association of Independent Insurers.
 D.S.C.
 Vacated and Remanded.
 Before WIDENER and HALL, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 The Complaint in this case took the form of a complaint for a declaratory judgment under South Carolina law and was filed in the Court of Common Pleas of Richland County.* In the complaint, Diamond State Insurance Company, the defendant, alleged that it was incorporated under the laws of the State of Delaware and that its principal place of business was in the Commonwealth of Pennsylvania. The defendant, Homestead Industries, Inc., was alleged to be incorporated in the Commonwealth of Pennsylvania with its principal place of business also in Pennsylvania. The defendant, Peggy A. Via, Administratrix of the Estate of Timothy L. Via, was alleged to be a citizen and resident of the State of South Carolina.
 
 
 2
 Thus it was apparent from the face of the complaint that, under 28 U.S.C. § 1332(c)(1), both the plaintiff corporation and the defendant Homestead Industries were deemed to be citizens of Pennsylvania, and the case could not have been maintained under diversity jurisdiction under the rule of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).
 
 
 3
 Nevertheless by alleging in a petition for removal that "Plaintiff, Diamond State Insurance Company, has been and still is a corporation organized under the laws of the State of Delaware and not having its principal place of business in South Carolina" and further that "Defendant, Homestead Industries, Inc., is a corporation organized under the laws of the State of Pennsylvania and not having its principal place of business in this state" the defendants succeeded in having the case removed to the United States District Court. We have examined the appendix and the entire court file forwarded to us by the attorneys, as well as the briefs of the parties in this case, and see that nowhere was the contents of this petition for removal, which we euphemistically refer to as artfully pleaded, brought to the attention of the district court. Nor was the district court's attention ever invited to the fact that on the face of the pleadings that court did not have jurisdiction.
 
 
 4
 In its brief in this court, appellant, Diamond State, by way of footnote, now suggests that Homestead be dismissed because it has assigned to Mrs. Via its interest in the Diamond State Insurance Policy, which is the subject of this suit. Homestead, the argument goes, was an unnecessary party, and a dispensable party even if necessary. The brief of Homestead and Mrs. Via does not mention the jurisdictional question.
 
 
 5
 Even if the district court had considered the matter and had decided that Homestead was either an unnecessary or a dispensable party, the question would be at least arguable as to each of those propositions because the claim of Diamond State is that it owes nothing to Mrs. Via because it has paid out everything the terms of the policy require it to pay for all claims, including that of Mrs. Via. Mrs. Via's claim is no different than any other meritorious claim which is similarly situated and may now be made against the policy. So the extent of the coverage of the policy involved in this case might effect not only Mrs. Via's claim, but other claims as well. That fact would have to be taken into account in deciding whether or not Homestead was either a necessary or dispensable party. Also not considered by the district court, nor briefed, nor argued, nor mentioned here, is whether a future rule of issue preclusion might apply consistently with the Restatement rule of non-application of res judicata, to the effect that an assignor is not bound by a suit for or against his assignee in a partial assignment. See Restatement (Second) of Judgments § 37, comment c. (1982).
 
 
 6
 We do not ordinarily consider matters on appeal which were not considered by the district court, McGowan v. Gillenwater, 429 F.2d 587, (4th Cir. 1970), and we follow that rule in this case, although we do have the authority to dismiss Homestead. See Newman-Green, Inc. v. Alfonso-Lorrain, 490 U.S. 826, 832 (1989). We think the interest of all the parties is better served by a definitive decision in the state courts of South Carolina where the case was originally commenced.
 
 
 7
 The judgment of the district court is vacated and the case is remanded to the district court with instructions to remand the same to the Court of Common Pleas of Richland County, South Carolina on account of lack of complete diversity between the plaintiff and the defendants in this case.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 The question is the extent of coverage of a products liability insurance policy issued by Diamond State to Homestead. Mrs. Via is the administratrix of the estate of Timothy Via who was killed while using a product covered by the policy which product was manufactured by Homestead